MARTHA BOYD, plaintiff in error, *vs.* BENJAMIN H. WHITE, *et al.*, defendants in error.

1. The widow of an intestate, who had intermarried with him prior to the Act of 1854, (which entitles widows to have advancements to children brought into hotch-pot for their benefit, the intestate having died after the passage of said Act,) is entitled to have advancements made to the children of a former marriage brought into hotch-pot, for her benefit, in the distribution of her deceased husband's estate.

2. Such advancements are not chargeable with interest until they are brought into hotch-pot and distributed, and it is not allowable to begin computing interest on them after the expiration of twelve months from the grant of administration.

Bill in equity, in Meriwether Superior Court, and decision thereon by Judge BULL, at February Term, 1861.

Martha Boyd filed her bill in equity, in Meriwether Superior Court, against Benjamin H. White, in which she alleged, that she is the widow of Robert H. Boyd, deceased, who died intestate, leaving an estate worth $15,000 00, and that his only heirs at law were Frederick G. Boyd, William H. Boyd, McDuffie Boyd, George H. White, in right of his wife, Mary E. White, formerly Mary E. Boyd, Benjamin H. White, in right of his wife, Julia Ann White, formerly Julia Ann Boyd, and the complainant, making six in all; that upon the death of the intestate, letters of administration on his estate were granted to the said Benjamin H. White and the complainant; that White alone managed the estate, complainant taking no part whatever in it; that he not only took possession of the entire estate of the deceased, but also wrongfully possessed him of individual property of complainant, of the value of $250 00, and also has in his hands, and refuses to pay over, a balance of $140 10, set apart for

Boyd vs. White et al.

complainant's twelve months' support; that the intestate, in his life time, made advancements to his five children aforesaid, amounting to $2,500 00 each, and that the same should be brought into hotch-pot.

The bill prays that a full account may be taken of the estate of the deceased, and that an account may also be taken of the advancements made as aforesaid and they be brought into hotch-pot, and that the defendant may be decreed to account to complainant for the value of her individual property taken by him, and to pay her the balance of her twelve months' support retained by him, and that complainant may also receive the one-sixth part of the clear residue of the estate, including the advancements made to the other distributees as aforesaid.

When the case came up for trial, the following facts were agreed on by the parties, so that the questions involved in the case might be adjudicated and settled, with the right reserved for either or both of the parties to except to the decision made and the judgment rendered upon such questions, to-wit:

The complainant was the third wife of the intestate, Robt. H. Boyd. The other heirs-at-law and distributees are the children of the said Robert H. Boyd by his first wife. Said children grew up and settled off, mainly in the life time of their mother, the first wife of the intestate, and the advancements were chiefly made to them during the life time of their said mother. The first wife died, and the intestate married again. The second wife died, leaving no children. After the death of the second wife, to-wit: in the year 1852, and before the year 1854, and before the passage of the Act authorizing advancements to children, to be brought into hotch-pot for the benefit of widows, the intestate, Robert H. Boyd, married the complainant. The said Robert H. Boyd died, leaving the complainant his widow, who since married again.

Under this state of facts, the first question presented for adjudication in the Court below was, whether or not the complainant was entitled to have all advancements, so made to

the children of the first wife, brought into hotch-pot for her benefit? The presiding Judge decided that she was so entitled, and to this decision counsel for defendants excepted, and now assigns error thereon.

The second question presented was, as to the time when the advancements should be charged with interest? The Court below decided that the advancements were not chargeable with interest until they were brought into hotch-pot, and distributed, and that this, was not the point of time, twelve months after the grant of letters of administration. To this decision counsel for the complainant excepted, and now alleges as error, insisting that the distribution should be the date of twelve months from the date of the grant of letters of adminitration, and that interest should be charged on said advancements from that date.

B. H. HILL, for defendants.

JOHN W. PARK, for complainant.

*By the Court.*—JENKINS, J., delivering the opinion.

The record in this case presents two questions for our consideration :

1st. Whether a widow of an intestate, who had intermarried with him prior to the Act of 1854, (entitleing widows to have advancements made to children brought into hotchpotch for their benefit, the intestate having died after the passage of said act,) was entitled to have advancements made to the children of a former marriage, brought into hotchpotch for her benefit in the distribution of her husband's estate.

2dly. When are advancements chargeable with interest under said act?

Upon the first question, the Court below held that the widow was so entitled, and we think, correctly.

It was insisted, in the argument, that the act so construed interferes with vested rights, but *how,* we could not ascertain from it.

Boyd *vs.* White *et al.*

The only property proposed to be taken into consideration in the distribution, the right to which was vested, either at the time of the widow's marriage, or at the passage of the act in question, was the property advanced. The construction given to the act by the Court below does not interfere with the right of the children advanced to but it is said that by this construction their interest in the property, of which their intestate parent died possessed, is greatly diminished. So it is, but as they had not, until the death of their father, any vested right to any portion of the property whereof he died seized and possessed, it does not follow that such diminution interferes with a vested right. Had the Legislature, instead of this law, enacted one making the widow of an intestate his sole heir, it would not have interfered with any right vested in the children of one then living. The question is made, when, under the provisions of this act, advancements are chargeable with interests.

The language of the act is, "when any child or children shall have had an estate by settlement or advancement of the intestate, in his lifetime, by portion or portions, such estate, at its value at the time of the advancement, without interest thereon, shall be brought into account or hotch-pot at the time of the distribution, as so much of the share of any such child of the intestate."

The Court below held that an advancement was not chargeable with interest " until it was brought into hotch-pot and distributed, and not at the expiration of twelve months from the grant of administration." It is insisted in behalf of the complainant in the Court below (the widow) that interest should be computed from the time last mentioned, because the words in the Act of 1854, "at the time of distribution," must be taken as referring to that provision of the Act of 1764, which requires that the first distribution shall be made within twelve months after administration granted. We do not feel the force of this suggestion.

The Act of 1854 relates exclusively to distribution among the next of kin, whilst the section of the Act of 1764 referred to, relates only to distributions among creditors.

What connection, then, can there be between a distribution among creditors and interest upon advancements? or why the one should result from the other, is not at all apparent.

Between advancements and distributions among *heirs,* there is an intimate connection; but no statute prescribes a time when such distribution shall be made, nor does the law contemplate more than one such distribution. It is true, cases may arise wherein there may properly be several distributions among heirs, but these are exceptional.

. We think the distribution contemplated by the Legislature in the passage of the Act of 1854, was the distribution among the next of kin, and this rarely happens within twelve months after the grant of administration. Our opinion, moreover, is, that it was not the intention of the Legislature to fix a time from which interest should be computed on advancement, but merely to provide, that in the administration of an estate, no account should be taken of advancements until the time of distribution, and that then they should be brought in at their value when made, *without interest.* The only mention made of interest seems to inhibit the computation of it at all—*without interest.* We therefore think the ruling of the Court right on this point also.

Let the judgment be affirmed.